**Joanne Zanni v. Fifth Third Bancorp, et al.**

**Joint Notice of Removal**

**<u>Exhibit A</u>**

Return Date: No return date scheduled
Hearing Date: 8/28/2020 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
  Cook County, IL

FILED
4/29/2020 5:33 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04022

9167514

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| JOANNE ZANNI, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) |
|     Plaintiff, | ) ) |
|  v. | ) ) |
| FIFTH THIRD BANCORP and FIFTH THIRD BANK, NATIONAL ASSOCIATION | ) ) ) ) |
|     Defendants. | ) ) |

Case No.    2020CH04022

Judge

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Joanne Zanni ("Zanni" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, hereby files this Class Action Complaint against Defendants Fifth Third Bancorp and Fifth Third Bank, National Association (collectively, "Fifth Third" or "Defendants"). Plaintiff states the following based on information and belief and investigation of counsel:

## <u>INTRODUCTION</u>

1.   Fifth Third Bancorp is a diversified financial services company headquartered in Cincinnati, Ohio and is the indirect holding company of Fifth Third Bank, National Association, a national banking association headquartered in Cincinnati, Ohio.[1]

2.   Fifth Third operates four main businesses: Commercial Banking, Branch Banking, Consumer Lending and Wealth & Asset Management. Fifth Third is among the largest money managers in the Midwest and, as of December 31, 2019, had $413 billion in assets under care, of

---

[1] SEC filings, Fifth Third Bancorp, Annual Report (10-K), at 19 (Dec. 31, 2019).

FILED DATE: 4/29/2020 5:33 PM   2020CH04022

which it managed $49 billion for individuals, corporations and not-for-profit organizations.[2]

3.    As of December 31, 2019, Fifth Third had $169 billion in assets and operates 1,149 full-service Banking Centers and 2,481 Fifth Third branded ATMs in Ohio, Kentucky, Indiana, Michigan, Illinois, Florida, Tennessee, West Virginia, Georgia and North Carolina.[3]

4.    Fifth Third uses a "cross-sell" strategy to increase the total number of products and services it provided to existing customers. To further this cross-sell strategy, and to increase the number of products and services it provided to existing customers, Fifth Third conditioned employee-performance ratings and, in some instances, continued employment on whether managers and their subordinate employees met ambitious sales goals. Fifth Third also used an incentive-compensation program that rewarded managers and their subordinate employees for selling new products and services to existing customers.

5.    The pressure to meet Fifth Third's sales goals is well documented among its employees.

---

**3.0**

**Sales, sales, sales**

LICENSED PERSONAL BANKER (Former Employee) - Louisville, KY - November 5, 2019

The job was great when we were building relationships and selling the customers products they needed or would benefit them. Then it changes to a sales only job, sell every customer even if they do not need or want the product. There were customers with 10 savings accounts with the minimum deposit and no activity the customers didn't even know they had them and credit card applications they were tricked into getting

Was this review helpful?

Yes 1 | No

---

[2] *Id.*
[3] *Id.*

FILED DATE: 4/29/2020 5:33 PM   2020CH04022







6.      As a result of this practice, Fifth Third's employees, without consumers' knowledge or consent, opened accounts in consumers' names; transferred funds from consumers' existing accounts to new, improperly opened accounts; issued credit cards; enrolled consumers in online-banking services; and opened lines of credit on consumers' accounts.

7.      After years of engaging in this practice, on January 30, 2020, Fifth Third issued a letter to customers regarding the exposure of their personal information. **Exhibit A,** Letter from Fifth Third Bank re "Important Information Regarding Your Personal Information" ("Letter"). The

FILED DATE: 4/29/2020 5:33 PM 2020CH04022

Letter goes on to state that former employees misused customers' sensitive information dating back to June 2018. *Id.*

8.      Due to Defendants unlawful practices described herein, Fifth Third is currently facing multiple lawsuits. In that regard, on March 9, 2020, the Bureau of Consumer Financial Protection, filed suit against Fifth Third alleging its conduct resulted in financial harm to consumers.[4] Similarly, on April 7, 2020, Fifth Third stockholders filed a complaint alleging Fifth Third's knowing disregard for this unlawful practice resulted in a financial loss to investors.[5]

9.      In response to these actions, Fifth Third's Chief Legal Officer, Susan Zaunbrecher publicly admitted that the fraudulent activities engaged in by Fifth Third's employees has resulted in improper charges to customers of the bank.[6]

10.     Now, Plaintiff brings this action on behalf of herself and similarly situated consumers under 735 ILCS 5/2-801 to recover damages under the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2, *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and other state law claims.

## THE PARTIES

### Plaintiff

**Joanne Zanni**

11.     Plaintiff is an adult individual who is a resident of Lake Forest, Illinois.

12.     Plaintiff was a customer of Fifth Third from in or around 2009 through February 2020. Plaintiff obtained Fifth Third products and services at the Fifth Third Banking Center located at 990 S Waukegan Rd, Lake Forest, Illinois 60045.

---

[4] *Bureau of Consumer Financial Protection v. Fifth Third Bank, National Association,* No. 20 Civ. 01683, Dkt. No. 1 (N.D. Illinois).
[5] *Christakis v. Fifth Third Bancorp, et al.*, No. 20 Civ. 02176, Dkt. No. 1, (N.D. Illinois).
[6] *Fifth Third Bancorp Rejects Charges in CFPB's Civil Lawsuit* (March 9, 2020), https://www.53.com/content/fifth-third/en/media-center/press-releases/2020/press-release-2020-03-09.html (last visited April 21, 2020).

FILED DATE: 4/29/2020 5:33 PM 2020CH04022

13.     Plaintiff is a natural person, and at all times relevant hereto was a "consumer" as defined by the ICFA and the FCRA.

**Defendants**

**Fifth Third Bancorp**

14.     Defendant Fifth Third Bancorp is a foreign business corporation organized and existing under the laws of Ohio.

15.     Defendant Fifth Third Bancorp's principal executive office is located at 38 Fountain Square Plaza, Cincinnati, Ohio 45263.

**Fifth Third Bank, National Association**

16.     Defendant Fifth Third Bank, National Association is a foreign business corporation organized and existing under the laws of Ohio.

17.     Defendant Fifth Third Bank, National Association's principal executive office is located at 38 Fountain Square Plaza, Cincinnati, Ohio 45263.

## JURISDICTION AND VENUE

18.     This Court has personal jurisdiction over Defendants because, during the relevant time period, Defendants did business in Illinois, were registered to do business in Illinois, and committed the tortious acts and statutory violations alleged in this Class Action Complaint in Illinois.

19.     Cook County is an appropriate venue for this litigation because Defendants are authorized to transact business in Illinois, do business in Cook County, and thus are residents of Cook County.

## CLASS ACTION ALLEGATIONS

20.     The Class that Plaintiff seeks to represent is defined as follows:

All persons in the United States for whom Fifth Third or a Fifth

FILED DATE: 4/29/2020 5:33 PM 2020CH04022

Third employee opened a financial account or product in the person's name without that person's lawfully-obtained authorization.

21. The members of the Class are so numerous that joinder of all members would be impractical. The proposed Class likely contains thousands of members. The precise numbers of members can be ascertained through discovery, which will include Defendants' sales and other records.

22. For Plaintiff and the Class, the common legal and factual questions include, but are not limited to the following:

A. Whether and how Fifth Third and its employees engaged in unlawful practices in order to get each customer to maintain numerous accounts with Fifth Third;

B. Whether Fifth Third knew or should have known of its employees' unlawful practices;

C. Whether Fifth Third omitted and concealed material facts from its customers;

D. communications and disclosures to Plaintiff and the Class regarding the costs, benefits, and policies regarding bank accounts and other financial products;

E. Whether Fifth Third has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices with the sale of its financial products;

F. Whether Fifth Third violated Illinois and/or other states' consumer protection statutes;

G. Whether Fifth Third violated the federal statutes enumerated in the causes of action below;

H. Whether Fifth Third has been unjustly enriched or is liable for conversion;

I. Whether, as a result of Fifth Third's conduct, Plaintiff and the Class have

FILED DATE: 4/29/2020 5:33 PM   2020CH04022

suffered damages; and if so, the appropriate amount thereof; and

J.      Whether as a result of Fifth Third's misconduct, Plaintiff and the Class are entitled to equitable and declaratory relief, and, if so, the nature of such relief.

23.     These common questions of law and fact predominate over the variations that may exist between members of the Class.

24.     Plaintiff, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

25.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

26.     A class action is an appropriate method for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Further, individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Fifth Third has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or

FILED DATE: 4/29/2020 5:33 PM   2020CH04022

corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

27.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class are entitled.

28.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

29.     Plaintiff retained counsel experienced in complex class action litigation.

30.     Plaintiff does not anticipate any difficulty in the management of this litigation.

31.     Fifth Third had, or has access to, addresses and/or other contact information for the members of the Class, which may be used for the purpose of providing notice of the pendency of this action.

## PLAINTIFF'S FACTUAL ALLEGATIONS

32.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff as follows:

**Joanne Zanni**

33. Zanni first opened an account with Fifth Third bank in or around 2009. During the course of her relationship with Defendants, Zanni's only authorized Fifth Third products, services, and/or accounts were a checking account, a brokerage account, a CD and a line of credit. Starting in or around 2012 through 2019, Fifth Third opened additional accounts in Zanni's name without her knowledge or authorization.

34. In or around February 2020, Zanni received Exhibit A from Defendants which informed her that personal information may have fraudulently been used by Fifth Third employees.

35. As a result of this, Zanni obtained her account opening and closing history from Fifth Third. This information confirmed that there were additional accounts that had been opened in Zanni's name without her knowledge or authorization.

FILED DATE: 4/29/2020 5:33 PM    2020CH04022

36. To fund these accounts, Fifth Third would move money from Plaintiff's line of credit and/or legitimate accounts into fraudulent accounts opened in her name. Fifth Third did this without Plaintiff's knowledge or consent.

37. Zanni believes she has been charged fees for many or all of the unauthorized accounts of which she is now aware, and that Fifth Third may still be assessing fees for those and other accounts of which she is unaware.

38. Moreover, she believes that Fifth Third unlawfully accessed her consumer credit reports when opening these fraudulent accounts. Zanni did not provide consent for Fifth Third to access this information for the accounts at issue.

39. Zanni believes that as a result of these practices, her credit score has been reduced.

40. Zanni believes that Fifth Third's practices exposed her to the risk of harm, including the risk that she would be unable to meet her financial obligations.

41. Had Zanni been informed of Fifth Third's deceptive and unfair practices, she would have opted for a different bank's products and services.

## FIRST CAUSE OF ACTION
### Illinois Consumer Fraud Act, 815 ILCS 505/2, *et seq.*
### (Brought on behalf of Plaintiff and members of the Class)

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. Defendants engaged in deceptive and unfair practices by opening fraudulent accounts in Plaintiff and Class Member's names without their knowledge or consent.

44. Defendants intended Plaintiff and the Class to rely on the deception.

45. The deception occurred in the course of conduct involving trade or commerce *i.e.* personal banking and other financial products.

FILED DATE: 4/29/2020 5:33 PM   2020CH04022

46.     Plaintiff and the Class incurred fees and other financial injury in the form of lower credit scores as a result of Defendants' deception.

47.     Defendants' practices are against public policy because they violate the standard of conduct contained in existing statutes, including the FCRA and the EFTA.

48.     Defendants' practices are immoral, unethical, oppressive, and/or unscrupulous.

49.     Defendants' practices caused substantial harm to consumers.

50.     Plaintiff and the Class suffered actual damages to be determined at trial.

51.     Plaintiff and the Class are entitled to recoup attorneys' fees from Defendants as a result of Defendants' consumer fraud.

## SECOND CAUSE OF ACTION
### Conversion
**(Brought on behalf of Plaintiff and the members of the Class)**

52.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53.     Plaintiff and the Class maintained accounts with Defendants which were funded with Plaintiff's and Class Member's personal funds.

54.     These funds were at all time monies which belonged to Plaintiff and the Class.

55.     Defendants did not hold ownership interest in these funds. Defendants used these funds for unauthorized purposes. Without the consent of Plaintiff and Class Members, Defendants used these funds to open fraudulent accounts in Plaintiff and Class Members' names.

56.     Defendants wrongfully and without authorization, maintained control, dominion or ownership over Plaintiff and Class Members' monies without consent.

57.     As a direct and proximate result of Defendants' conversion of Plaintiff and Class Members' property, Plaintiff and the Class have suffered actual damages in an amount to be proven at trial.

FILED DATE: 4/29/2020 5:33 PM   2020CH04022

58.     Defendants performed these acts with fraud and actual malice, and Defendants acted willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others, therefore entitling Plaintiff and the Class to punitive damages.

### THIRD CAUSE OF ACTION
**Unjust Enrichment**
**(Brought on behalf of Plaintiff and the members of the Class)**

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.     As a result of Defendants' unlawful and deceptive actions described above, Defendants were enriched at the expense of Plaintiff and the Class through the payment of fees, penalties, and other charges resulting from accounts, products, and services that First Third unlawfully and/or deceptively sold to or opened for customers.

61.     Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiff and the Class, in light of the fact that First Third used illegal, deceptive, and/or unfair practices to induce or force customers to open, purchase, and/or maintain the banking services, accounts, and products.

62.     Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to Plaintiff and the Class for the monies paid to Defendants as a result of the unfair, deceptive, and/or illegal practices.

### FOURTH CAUSE OF ACTION
**Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.***
**(Brought on behalf of Plaintiff and the members of the Class)**

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

FILED DATE: 4/29/2020 5:33 PM 2020CH04022

64. Each time that Fifth Third opens a new account or starts a new financial service, it obtains, reviews, and uses a "consumer report," as that term is defined in 15 U.S.C § 1681a(d), about the consumer for whom the account is opened or the service started.

65. Fifth Third is required by 15 U.S.C. §§ 1681b, 1681n, and 1681o to refrain from obtaining or using consumer reports from CRAs under false pretenses, and without proper authorization from the consumer who is the subject of the report.

66. Obtaining and using consumer reports in the process of opening unauthorized accounts or services is not allowed pursuant to FCRA, and thus is a violation of federal law.

67. Fifth Third has a mandatory duty to use or obtain consumer reports only for permissible purposes. 15 U.S.C. § 1681b(f).

68. Despite these clear and unambiguous requirements of the FCRA, Defendants regularly pull consumer reports regarding consumers without their knowledge or consent in order to open new unauthorized accounts and services as part of its cross-selling practices, in violation of FCRA.

69. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Fifth Third is liable for negligently and willfully violating FCRA by accessing the consumer reports without a permissible purpose or authorization under FCRA.

### FIFTH CAUSE OF ACTION
### Violations of Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*.
### (Brought on behalf of Plaintiff and the members of the Class)

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

FILED DATE: 4/29/2020 5:33 PM   2020CH04022

71.     Congress created the Electronic Funds Transfers Act ("EFTA"), 15 U.S.C. § 1693, *et seq*., in order to establish a framework to regulate electronic fund and remittance transfer systems, and to establish individual consumer rights related to electronic fund transfers.

72.     Pursuant to the EFTA, "No person may issue to a consumer any card, code, or other means of access to such consumer's account for the purpose of initiating an electronic fund transfer other than—(1) in response to a request or application therefor; or (2) as a renewal of, or in substitution for, an accepted card, code, or other means of access, whether issued by the initial issuer or a successor." 15 U.S.C.A. § 1693i(a).

73.     Fifth Third has and continues to violate this prohibition every time it opens new unauthorized accounts, issues debit and/or credit cards, and facilitates other means of access to the unauthorized accounts allowing for electronic funds transfers.

74.     Plaintiff and the Class have received debit cards from Fifth Third when Plaintiff and Class members have not requested or applied for such cards.

75.     Plaintiff and the Class have received other means of accessing unauthorized accounts, such as online banking access, that would allow them to initiate electronic fund transfers.

76.     Pursuant to 15 U.S.C. § 1693m, Fifth Third is liable for actual damages, an amount to be determined by the Court related to the frequency, persistence, and other factors of Defendants' violations, plus attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
**Declaratory Relief**
**(Brought on behalf of Plaintiff and the members of the Class)**

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

FILED DATE: 4/29/2020 5:33 PM 2020CH04022

78. Section 2–701 of the Code of Civil Procedure, known as the Declaratory Judgment Act provides "The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested." 735 ILCS 5/2–701(a).

79. As described above, this Court has jurisdiction over this matter, and therefore may declare the rights of Plaintiff and the Class.

80. Plaintiff and the Class therefore seek an order declaring Fifth Third's practice of opening unauthorized accounts unlawful, and that Fifth Third is liable to Plaintiff and the Class for damages caused by that practice.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That an order be entered certifying the proposed Class under 735 ILCS 5/2-801 and appointing Plaintiff and her counsel to represent the Class;

B. Permanently enjoining Fifth Third from performing further unfair and unlawful acts as alleged herein;

C. For all recoverable compensatory, statutory, and other damages sustained by Plaintiff and the Class, including disgorgement, unjust enrichment, and all other relief allowed under applicable law;

D. Granting Plaintiffs and the Class awards of restitution and/or disgorgement of Fifth Third's profits from its unfair and unlawful practices described above;

FILED DATE: 4/29/2020 5:33 PM   2020CH04022

E.      For costs;

F.      For both pre-judgment and post-judgment interest on any amounts awarded;

G.      For appropriate individual relief as requested above;

H.      For payment of attorneys' fees and expert fees as may be allowable under applicable law; and

I.      For such other and further relief, including declaratory relief, as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

                                        Respectfully submitted,

Dated:  April 29, 2020                  /s/Douglas M. Werman_____
                                        One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Michael M. Tresnowski (mtresnowski@flsalaw.com)
**WERMAN SALAS P.C. (Attorney Code #42031)**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, pro hac vice forthcoming
Frank J. Mazzaferro, pro hac vice forthcoming
28 Liberty Street, 30th Floor
New York, New York 10005
(212) 300-0375

*Attorneys for Plaintiff and the Putative Class*

Return Date: No return date scheduled
Hearing Date: 8/28/2020 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
          Cook County, IL

FILED DATE: 4/29/2020 5:33 PM    2020CH04022

FILED
4/29/2020 5:33 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04022

9167514

# EXHIBIT A

FILED DATE: 4/29/2020 5:33 PM 2020CH04022

Fifth Third Bank
38 Fountain Square Plaza
Cincinnati OH 45263
Fifth Third Bank



**FIFTH THIRD BANK**

JOANNE ZANNI

Date: January 30, 2020

### Important Information Regarding Your Personal Information

Dear JOANNE ZANNI:

We appreciate having you as our customer and are committed to keeping you informed as issues arise. We are contacting you today regarding a possible exposure of some of your personal information. Fifth Third Bank takes the safety and security of your information very seriously.

**What you need to know**
Fifth Third opened an internal investigation to determine the cause of suspected fraudulent transactions affecting certain customer accounts. Over the course of the investigation, in cooperation with law enforcement, we have come to believe that a small number of former employees may have misused certain customers' sensitive information dating back to June 2018. While at this time we have no evidence to suggest your information was misused, your information was accessed. We are unable to determine with certainty whether the accessing of your information was done in the normal course of business and are notifying you out of an abundance of caution. The information accessed may include your name, address, phone number, date of birth, mother's maiden name, Social Security number, account number(s), and driver's license information. Please note that since discovering this matter, we have investigated the issue internally and continue to work with law enforcement.

At this time, we have not detected any fraudulent activity on your accounts due to this incident. However, please be assured that the protection of your information is a top priority of the Bank. For that reason, **we would like to offer you Fifth Third Identity Alert® for one year at no charge.** Fifth Third Identity Alert is an identity theft protection and credit monitoring service that Fifth Third has enlisted to provide you with access to your credit report from all three national credit reporting agencies. In addition, this service provides:

- Daily monitoring of your credit file from a national credit reporting agency.*[1]
- Monitoring of your Social Security number.**[2]
- Up to $25,000 in identity theft insurance.*[3]

**What you need to do**
- **Enroll in Identity Alert within 30 days to accept this offer.**
  Enroll online at 53identityalert.com/awareness using the activation code 8233X1A11BB95B8Z. Or you can take this letter to any Fifth Third banking center and ask a banker to enroll you **using the above URL and activation code.** Please note: the service will automatically expire 12 months after enrollment.

- **Read the terms.**
  Be sure to review the terms, conditions and privacy policy of Fifth Third Identity Alert, as you would with any financial service.

FILED DATE: 4/29/2020 5:33 PM  2020CH04022

- **Pay attention to your statements.**
  Carefully review all your account statements over the next 12 to 24 months, as well as those from previous months for any unfamiliar activity.

- **Contact us.**
  Call us immediately at 877-874-9914 if you see any unauthorized or suspicious activity on any of your accounts.

- **Learn more.**
  Take a few minutes to review the enclosed information on monitoring your credit report and protecting against fraudulent activity.

**Questions?**
If you have any questions, please call us at 877-874-9914, Monday through Friday, 7 a.m. to 8 p.m. ET, or Saturday, 8:30 a.m. to 5 p.m. ET.

Thank you again for being a Fifth Third Bank customer.

Sincerely,

P. Brian Moore
Senior Vice President

The benefits in Fifth Third Identity Alert are provided by Fifth Third's vendor, Trilegiant, LLC.

*Your credit monitoring and alerts, Identity theft insurance and fraud assistance begin automatically upon enrollment.

**Your other optional benefits will not be available or released to you unless you visit 53identityalert.com and use the member account number to create log in credentials and then access these benefits. Or you may call us at 800-972-3030 to request activation materials to be sent to you through the mail.

[1]Daily monitoring will notify you of any new inquiries, certain derogatory information, accounts, public records, or change of address that have been added to your credit reports as reported by one of the major credit reporting agencies. If no information has been added or changed, then you will receive a quarterly notification stating that no information has changed within your credit file.

[2]Fifth Third Identity Alert monitors up to ten registered credit/debit cards and your Social Security number on the Internet, based on extensive research of Internet chat rooms; however, it is impossible to ensure that all Internet chat rooms have been searched for your personal information. Accordingly, your monitoring alert reports may not contain or apprise you of all your personal information that is publicly available or that may have been compromised.

[3]The Identity Theft Insurance benefits are provided to all members, along with all other benefits afforded as part of the program, through Financial Services Association (FSA or the "Association"). Upon enrollment in the program, you will automatically be admitted as a member of the Association.

The Identity Theft Insurance is underwritten by insurance company subsidiaries or affiliates of American International Group, Inc., under group policy # 7077733 for non-New York State Insureds and # 1423212 for New York State Insureds. All exclusions and limitations of the master policy apply. See the Benefits Summary for details regarding such exclusions and limitations. Availability of coverage is subject to underwriting qualifications and state laws and regulations. Coverage is subject to actual policy language.

FILED DATE: 4/29/2020 5:33 PM 2020CH04022

**Proactive Steps for Protecting Your Information**

❑ **Activate your complimentary Fifth Third Identity Alert today.** It only takes a few minutes to activate your credit monitoring benefits. Just follow the steps outlined in this letter.

❑ **Review your credit reports carefully.**
You should periodically obtain credit reports from each national consumer reporting agency. You can obtain a free copy of your credit report from each of the three national consumer reporting agencies on an annual basis by visiting annualcreditreport.com, calling 1-877-322-8228, or mailing the Annual Credit Report Request Form (available at annualcreditreport.com) to: Annual Credit Report Request Service, P.O. Box 105281, Atlanta, GA 30348-5281. Once you receive your credit reports, be sure to spend some time going over them. Look for accounts you did not open or inquiries from creditors that you did not initiate. Verify that all the information is accurate. If you have questions or notice inaccurate or fraudulent information, call the consumer reporting agency immediately at the telephone number listed on the report to have that information deleted.

❑ **Remain vigilant for incidents of fraud and identity theft over the next 12 to 24 months.**
Carefully review your credit reports and bank, credit card and other account statements. If you discover unauthorized or suspicious activity on your credit report or anywhere else, be sure to call your local police or your state's Office of the Attorney General immediately and file an identity theft report.

❑ **Place a credit freeze or a 90-day fraud alert on your credit file.**
A credit freeze allows you to restrict access to your credit report, which in turn makes it more difficult for identity thieves to open new accounts in your name. You can place a freeze on your credit report by contacting each of the three national consumer reporting agencies. You will need to supply your name, address, date of birth, Social Security number and other personal information. After receiving your freeze request, each credit bureau will provide you with a unique PIN (personal identification number) or password. Keep the PIN or password in a safe place. You will need it should you choose to lift the freeze.

A fraud alert notifies creditors that you may be the victim of fraud and tells them to contact you before opening any new accounts. Just call any one of the three national consumer reporting agencies listed below—the other two will automatically be notified. They will place a fraud alert on your credit file and will assist you in getting a free credit report from each of the three agencies. The initial fraud alert will last for 90 days, but you may want to renew it at the end of this period. If you have already filed an identity theft report with your local police department, you should place an extended fraud alert on your credit file. This fraud alert is free of charge and valid for seven years.

| **Equifax** | **Experian** | **TransUnion** |
|---|---|---|
| P.O. Box 740241 | P.O. Box 9532 | Fraud Victim Assistance Division |
| Atlanta, GA 30374-0241 | Allen, TX 75013 | P.O. Box 6790 |
| 800-525-6285 | 888-397-3742 | Fullerton, CA 92834-6790 |
| equifax.com | experian.com | 800-680-7289 |
| | | transunion.com |

❑ **Learn more about identity theft and ways to protect yourself.**
Suspected identity theft should also be reported to the Federal Trade Commission (FTC), which maintains additional information on how consumers can protect themselves from identity theft. Simply go to the FTC website at ftc.gov/idtheft.

You can also call the FTC at 877-ID-THEFT (877-438-4338) (TTY: 866-653-4261); or write to the Identity Theft Clearinghouse, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Washington, DC 20580.

If you live in Maryland, North Carolina, or Rhode Island, you can also get this information by contacting your state's Office of the Attorney General:

| **Maryland Office of the Attorney General** | **North Carolina Attorney General's Office** | **Rhode Island Office of the Attorney General** |
|---|---|---|
| 200 St. Paul Place | Consumer Protection Division | 150 South Main Street |
| Baltimore, MD 21202 | 9001 Mail Service Center | Providence, RI 02903 |
| 1-888-743-0023 (toll-free) | Raleigh, NC 27699-9001 | 401-274-4400 |
| 410-576-6300 | 877-566-7226 (toll-free within NC) | www.riag.ri.gov |
| www.marylandattorneygeneral.gov | 919-716-6000 | |
| | www.ncdoj.gov | |

Return Date: No return date scheduled
Hearing Date: 8/28/2020 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
    Cook County, IL

FILED DATE: 4/29/2020 5:33 PM   2020CH04022

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
4/29/2020 5:33 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04022

9167514

JOANNE ZANNI, on behalf of herself and all other persons similarly situated known and unknown

                      Plaintiff

FIFTH THIRD BANCORP and
FIFTH THIRD BANK, NATIONAL
ASSOCIATION

                      Defendant

No. **2020CH04022**

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

| | | |
|---|---|---|
| 0005 | ☐ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |

| | | | | | |
|---|---|---|---|---|---|
| 0007 | ☐ | General Chancery | 0019 | ☐ | Partition |
| 0010 | ☐ | Accounting | 0020 | ☐ | Quiet Title |
| 0011 | ☐ | Arbitration | 0021 | ☐ | Quo Warranto |
| 0012 | ☐ | Certiorari | 0022 | ☐ | Redemption Rights |
| 0013 | ☐ | Dissolution of Corporation | 0023 | ☐ | Reformation of a Contract |
| 0014 | ☐ | Dissolution of Partnership | 0024 | ☐ | Rescission of a Contract |
| 0015 | ☐ | Equitable Lien | 0025 | ☐ | Specific Performance |
| 0016 | ☐ | Interpleader | 0026 | ☐ | Trust Construction |
| 0017 | ☐ | Mandamus | | ☐ | Other (specify) _____ |
| 0018 | ☐ | Ne Exeat | | | |

By: Douglas M. Werman

☑ Atty. No.: 42031     ☐ Pro se 99500

Name: Douglas M. Werman

Atty. for: Plaintiff

Address: 77 W. Washington Street, Suite 1402

City/State/Zip: Chicago, IL 60602

Telephone: (312) 419-1008

Primary Email: dwerman@flsalaw.com

Secondary Email: ecf@flsalaw.com

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the **Clerk's Office** for this case at this Email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
5/5/2020 1:28 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04022

9196960

FILED DATE: 5/5/2020 1:28 PM   2020CH04022

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| **2220 - Not Served** | **2221 - Not Served** |
| **2320 - Served By Mail** | **2321 - Served By Mail** |
| **2420 - Served By Publication** | **2421 - Served By Publication** |
| **Summons - Alias Summons** | **(08/01/18) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JOANNE ZANNI

(Name all parties)

v.

Fifth Third Bancorp and Fifth Third Bank, National Association

Case No. 2020CH04022

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant: **Fifth Third Bancorp**, c/o Reg. Agent: Corporate Service Company, 50 W. Broad Street, Suite 1330, Columbus, OH 43215

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**Summons - Alias Summons**      **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first create an account with an e-filing service provider.  Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.  If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 42031

Atty Name: Douglas M. Werman

Atty. for: Plaintiff

Address: 77 W. Washington Street, Suite 1402

City: Chicago

State: IL    Zip: 60602

Telephone: (312) 419-1008

Primary Email: dwerman@flsalaw.com

Witness: 5/5/2020 1:28 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 5/5/2020 1:28 PM   2020CH04022

FILED DATE: 5/5/2020 1:28 PM   2020CH04022

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

⊙ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
5/5/2020 1:28 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04022

9196960

FILED DATE: 5/5/2020 1:28 PM   2020CH04022

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| **2220 - Not Served** | **2221 - Not Served** |
| **2320 - Served By Mail** | **2321 - Served By Mail** |
| **2420 - Served By Publication** | **2421 - Served By Publication** |
| **Summons - Alias Summons** | **(08/01/18) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JOANNE ZANNI

(Name all parties)

v.

Fifth Third Bancorp and Fifth Third Bank,
National Association

Case No. 2020CH04022

☑ **SUMMONS**    ☐ **ALIAS SUMMONS**

To each Defendant: **Fifth Third Bank, National Association**, c/o Reg. Agent: Corporate Service Company, 50 W. Broad Street, Suite 1330, Columbus, OH 43215

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**Summons - Alias Summons**                                    **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 42031

Witness: 5/5/2020 1:28 PM DOROTHY BROWN

Atty Name: Douglas M. Werman

Atty. for: Plaintiff

DOROTHY BROWN, Clerk of Court

Address: 77 W. Washington Street, Suite 1402

City: Chicago

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person):

State: IL    Zip: 60602

Telephone: (312) 419-1008

Primary Email: dwerman@flsalaw.com

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 5/5/2020 1:28 PM   2020CH04022

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**